# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CRAIG MARTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-4031-EFM |
| | ) | |
| HAROLD GODWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter comes before the court upon Defendants' Motion to Stay Discovery and Scheduling Order Deadlines Pending Ruling on Dispositive Motion (Doc. 28). Plaintiff has filed a response brief opposing the motion. The time for further briefing has passed, and therefore the court is prepared to rule.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."[1] In exercising this power, the court "must weigh competing interests and maintain even balance."[2] The court does not ordinarily favor staying discovery pending resolution of dispositive motions because of the possibility that a stay could delay a timely resolution of the matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided . . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or

---

[1] *Kittel v. First Union Mortgage Co.*, 303 F.3d 1193, 1194-95 (10th Cir. 2002).

[2] *Id.*

where discovery on all issues of the broad complaint would be wasteful."[3]

Defendants' Motion to Dismiss for Lack of Jurisdiction Based on the Statute of Limitations (Doc. 18) was filed on October 31, 2009, and argues that the statute of limitations has run on plaintiff's claim alleging a First Amendment violation for the loss of his good name and reputation under 42 U.S.C. § 1983. The University of Kansas filed an additional motion to dismiss (Doc. 17) on October 31, 2009, arguing it is immune from plaintiff's suit under the Eleventh Amendment. Neither motion has been ruled upon. Defendants ask the court to stay discovery and the remaining deadlines in the Scheduling Order (Doc. 15) because the pending motions to dismiss, if granted, will fully dispose of this litigation.

Plaintiff argues defendants' motion to stay discovery and the remaining deadlines in the Scheduling Order should be denied because defendants will not be prejudiced by having to respond to plaintiff's discovery requests. However, defendants' motion became ripe on March 10, 2009, the day after discovery in this case closed. The court need not address whether defendants will ultimately prevail on their pending motions to dismiss in order to conclude that the instant motion should be granted for practical reasons. The final pretrial conference is currently set for April 8, 2009. However, rulings on the pending dispositive motions could narrow the issues in this case or could dispose of this case entirely. The purpose of the final pretrial conference is to formulate a plan for trial, which the parties and the undersigned will be in a better position to do after the resolution of the pending dispositive motions. For the foregoing reasons, defendants' motion is granted.

Accordingly,

---

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery and Scheduling Order Deadlines Pending Resolution on Dispositive Motions (Doc. 28) is hereby GRANTED.

**IT IS FURTHER ORDERED** that all deadlines in the Scheduling Order (Doc. 15) are hereby STAYED pending a ruling on Defendant University of Kansas' Motion to Dismiss for Lack of Jurisdiction Based on Eleventh Amendment Immunity (Doc. 17) and Defendants' Motion to Dismiss for Lack of Jurisdiction Based on the Statute of Limitations (Doc. 18).

**IT IS SO ORDERED.**

Dated this 19th day of March, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge