## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CRAIG MARTEN,

        *Plaintiff*,

vs.

        Case No. 08-4031-EFM

HAROLD GODWIN, et al.

        *Defendant.*

## MEMORANDUM AND ORDER

Desiring to advance his career in pharmacy, Craig Marten applied for admission to the University of Kansas' Non-Traditional Pharm.D. program. Mr. Marten's application for admission was accepted by the University and he was enrolled in the program. What happened next is in dispute, with Mr. Marten claiming that the director of the program, Ronald Ragan, conspired with two of the program's professors, Harold Godwin and James Kleoppel, to falsely accusing Marten of academic misconduct in the form of plagiarism, which resulted in Marten being expelled from the program on or about December 20, 2002, and the director and professors denying any wrongdoing.

Based on the allegation set forth above, Mr. Marten filed suit in the United States District Court of the Eastern District of Pennsylvania on December 16, 2003. Mr. Marten's case was ultimately dismissed for lack of jurisdiction on November 23, 2007. Following the dismissal, on February 22, 2008, Mr. Marten filed this suit in the United States District Court of Kansas, naming

Harold Godwin, Ronald Ragen, James Kleoppel, and the University of Kansas as defendants. Defendants moved for dismissal of the suit, alleging that the statute of limitations had run. Additionally, the University of Kansas moved to be dismissed from the suit on the ground that it is immune from suit under the Eleventh Amendment. Because the Court concludes that Kansas' saving clause saves Plaintiff's action and that the University has not waived its immunity, it denies Defendants' Motion to Dismiss Based on the Statute of Limitations (Doc. 18), but grants the University's Motion to Dismiss Based on Eleventh Amendment immunity (Doc. 17).

## I.  Standard of Review

Defendants move for dismissal under FED. R. CIV. P. 12(b)(6).  To survive a 12(b)(6) motion to dismiss, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[3]

In ruling on a motion to dismiss, the court assumes as true all well pleaded facts in the complaint and views them in the light most favorable to the plaintiff.[4]  The court, however, need not

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[4] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

accept as true those allegations which state only legal conclusions.[5] Although plaintiff need not precisely state each element of its claim, he must plead minimal factual allegations on those material elements that must be proved.[6] "The court's function on a motion to dismiss is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

In addition to 12(b)(6), Defendants also moved for dismissal under Rule 12(b)(1).[8] A 12(b)(1) motion is a motion claiming that the federal district court lacks subject-matter jurisdiction to hear the plaintiff's case.[9] District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[10] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[11] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[12] Mere allegations of jurisdiction are not enough.[13]

---

[5]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Id.*

[7]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

[8]The Court will not review Defendants' Motion to Dismiss Based on the Statute of Limitations under 12(b)(1) because a statute of limitations defense is not "jurisdictional." *Day v. McDonough*, 547 U.S. 198, 205 (2006).

[9] FED. R. CIV. P. 12(b)(1).

[10]28 U.S.C. § 1331.

[11]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[12]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[13]*Id.* at 798.

## II.  Analysis

A.  Statute of Limitations

The first issue presented to the Court is whether K.S.A. § 60-518, Kansas' saving clause, applies, thus saving Plaintiff's action.[14]  Relying primarily on one Kansas Appellate Court decision, Defendants argue that the clause does not apply here because the complaint in this case is not substantially similar to the complaint that was filed earlier.  Defendants point to the fact that the first complaint contains defendants and claims that the second does not.  In response, Plaintiff argues that the differences between the two complaints is immaterial because the defendants named in the current complaint were named in the previous one and the claims asserted now were also asserted in the first complaint.

Pursuant to K.S.A. § 60-518, a plaintiff has an additional six months to commence a new action if (1) he commenced his first action in due time and (2) his first action failed otherwise than upon the merits, with the failure coming after the relevant statute of limitations expired.  In their Memorandum in Support of Defendants' Motion to Dismiss (Doc. 19), Defendants suggest that there is an additional requirement that must be met before the saving statute applies: the two actions must be substantially similar.  In his response, Plaintiff failed to contest the application of this additional requirement.  As a consequence, the Court will apply the additional requirement in determining whether the saving clause applies.[15]

---

[14]The Court notes that Plaintiff did not challenge in his response Defendants' claim that the relevant statutes of limitations have run in this case.  Doc. 23.  Therefore, this Court need not address the question of whether the relevant statutes of limitations were tolled during the previous proceeding.  *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 434-35 (1965); *Covey v. Ark. River Co.*, 865 F.2d 660 (5th Cir. 1989).

[15]Although the Court applied the requirement suggested by Defendants, it takes issue with Defendants' claim, which ostensibly is based on a statement made in *Taylor v. The Int'l Union of Electronic, Electrical, Salaried, & Mach. Workers*, 25 Kan. App. 2d 671, 968 P.2d 685 (1998), that the "Kansas Supreme Court has determined that the saving statute is applicable only where the complaints in the two actions are substantially similar."  Doc. 19.  The

In their briefing, the parties agree that the first two requirements are met; however, there is a disagreement as to whether the last is met. After reviewing the cases cited by the parties, it is clear to the Court that Defendants have interpreted the relevant precedent too mechanically. While it is technically true that in each of the cases cited the second complaint filed was different from the first, this fact alone was not determinative. It is important to recognize that the differences between the first and second complaints were material;[16] the defendant was legally prejudiced in some way by the difference, either because the plaintiff was suing in a different capacity or the new complaint named new defendants or asserted new claims.[17]

The fact that the courts in the cases cited did not apply the savings clause so as to save a complaint that asserted new claims, named new defendants, or was brought by a plaintiff suing in a different capacity is both logical and consistent with the purposes behind statutes of limitations. Statutes of limitations are intended to "ensure essential fairness" to defendants and to prevent a

---

Supreme Court has never expressly adopted the "substantially similar" standard. Furthermore, the only statement made by the Supreme Court that even relates to this additional requirement was made in dicta. *See Rogers v. Williams*, 245 Kan. 290, 294, 777 P.2d 836, 839 (1989).

[16]The Court recognizes that the *Taylor* opinion could be read to mean that every defendant that was named in the first complaint must also be named in the second complaint in order for the "substantially similar" requirement to be met. However, it does not believe that this interpretation is the correct interpretation of either the *Taylor* case or the precedent relied on by the *Taylor* court. To begin with, in all of the cases cited by the *Taylor* court, the plaintiff's refiled complaint either named a *new* defendant or asserted a *new* claim. Thus, in none of the cited cases did the court deny the plaintiff's request for the application of the saving clause solely because the second complaint did not include all of the parties or claims that were in the first. Furthermore, as a practical matter, such an interpretation is illogical. As pointed out by William Westerbeke and Stephen McAllister in *Survey of Kansas Tort Law: Part 1*, 49 U. KAN. L. REV. 1037, 1136 (June 2001), "requiring the continuation of litigation against the individual defendants even though the plaintiff no longer believes the claim against him is legitimate conditions the use of the savings clause upon court-ordered malicious prosecution."

[17]*Karlin v. City of Beloit, Kan.*, 2008 WL 4642284 (D. Kan. Oct. 17, 2008) (new defendants and new claims); *Brown v. Alma*, 207 WL 3046706 (D. Kan. Oct. 16, 2007) (new defendant and new claims); *Rogers*, 245 Kan. 290, 777 P.2d 836 (plaintiff suing in a different capacity); *Taylor*, 25 Kan. App. 2d 671, 968 P.2d 685 (plaintiff suing in a new capacity).

plaintiff from sleeping on his rights.[18] To the extent a plaintiff attempts to use a savings clause to save a complaint that either contains new claims or parties or is brought in a new capacity, he thwarts these purposes. Accordingly, courts should not allow a plaintiff to use a State's savings clause as an end around to the statute of limitations requirement that claims be timely brought.

Here, Plaintiff has not attempted to sue in a new capacity nor has he attempted to add a new claim or party to his second complaint. Rather, Plaintiff has merely refiled the same action that he initially filed in the Pennsylvania federal court, albeit with 4 less claims and 2 less defendants. There is no question that Plaintiff has diligently pursued his claims. Furthermore, because the first complaint contained all of the present claims and parties, Defendants were on notice of the claims that Plaintiff is now asserting. Consequently, Defendants were not legally prejudiced by the refiling, and, as a result, the State's saving clause saves Plaintiff's action.

B. Sovereign Immunity

The second issue presented to the Court is whether the University of Kansas is immune from the current suit.[19] In his briefing, Plaintiff does not challenge the University's assertion that it qualifies for Eleventh Amendment immunity because it is an arm of the State.[20] However, Plaintiff does take issue with the University's contention that it has not waived the immunity. Relying principally upon *McLaughlin v. Board of Trustees of State Colleges of Colorado*, 215 F.3d 1168

---

[18]*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

[19]Even if the University had waived the Eleventh Amendment immunity, Plaintiff's section 1983 claim would be dismissed because the University is not a person for section 1983 purposes. *See Harris v. Champion*, 51 F.3d 901, 905-06 (1995).

[20]The Tenth Circuit and this Court have long recognized that the University of Kansas is an arm of the State. *See Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1290 (10th Cir. 1971); *see also Billings v. Wichita State Univ.*, 557 F.Supp. 1348, 1350 (D. Kan. 1983) ("[T]he universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter ego agencies of the [S]tate and share its Eleventh Amendment immunities.").

(10th Cir. 2000), Plaintiff argues that the University implicitly waived the immunity by subjecting itself to suit in the Pennsylvania federal court.  Because the Court finds that the University did not unequivocally waive its immunity, it grants the University's motion.

As a general rule, under the Eleventh Amendment, an unconsenting State and its arms are "immune from suits brought in federal courts by her own citizens as well as by citizens of another State."[21]  Nevertheless, a State and its arms may waive the immunity.[22]  In order for a court to find that a waiver has occurred, it must conclude, after performing a "strict" test, that the State or its arm had the "unequivocal intent" to waive immunity.[23]  "While an unequivocal expression of waiver may be effected by language in a state statute or constitutional provision, waiver may also result from a [S]tate's action . . . ."[24]

In this case, the University of Kansas has not waived its Eleventh Amendment immunity. Contrary to Plaintiff's contention, *McLaughlin*, and the Tenth Circuit waiver cases that precede it, stand for the proposition that a state defendant must take some affirmative step before a court will find that it has waived the immunity, not that waiver occurs through mere inaction.[25]  Here, the

---

[21]*Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[22]*Atascadero State Hosp. V. Scanlon*, 473 U.S. 234, 238 (1985), *superseded by statute on other grounds*, Civil Rights Remedies Equalization Amendment of 1986, 42 U.S.C. § 2000d-7; *Innes v. Kan. State Univ.*, 184 F.3d 1275, 1278 (10th Cir. 1999).

[23]*Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1234 (10th Cir. 1999).

[24]*Robinson v. Kansas*, 295 F.3d 1183, 1189 (10th Cir. 2002).

[25]*See McLaughlin*, 215 F.3d 1168 (state defendant removed case to federal court); *Sutton*, 173 F.3d 1226 (state defendant removed case to federal court); *Gallagher v. Cont'l Ins. Co.*, 502 F.2d 827 (10th Cir. 1974) (state defendant removed case to federal court).  In addition to finding that the immunity is waived when a state defendant removes the case to federal court, *see Lapsides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), the Supreme Court has found that a state defendant waives the immunity by appearing voluntarily in a federal court as an intervener, *see Clark v. Barnard*, 108 U.S. 436 (1883), and by filing a claim in federal court, *see Gardner v. New Jersey*, 329 U.S. 565 (1947).

University never took an affirmative step; rather, it simply failed to raise the immunity defense in the Pennsylvania proceeding. While the Tenth Circuit has suggested that a state actor's failure to raise the Eleventh Amendment defense could result in the actor losing the defense, it appears that this result should occur only when it would be "grossly inequitable to allow [the] assertion of the Eleventh Amendment."[26] Because the Court concludes that allowing the University of Kansas to assert the Eleventh Amendment in the present proceeding would not be grossly inequitable, the University is dismissed from this action.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Based on the Statute of Limitations (Doc. 18) is hereby denied, but the University of Kansas' Motion to Dismiss Based on Eleventh Amendment Immunity (Doc. 17) is hereby granted.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[26]*Sutton*, 173 F.3d at 1236.